### SAMUEL SMITH *vs.* WILLIAM CHANDLER, Administrator.

A promissory note, given to a married woman for a debt due her before her marriage, though not reduced to possession by her husband, passes by an assignment of his prop erty under the United States Bankrupt Act of 1841; and a subsequent indorsement of the note by the husband and wife will not enable the indorsee, with notice of the cir cumstances, to maintain an action on the note, without the consent of the assignee in bankruptcy.

WRIT OF REVIEW. The original action was assumpsit, com-menced on the 18th of September 1849, on a witnessed prom-issory note for $1,430, dated November 30th 1841, signed by Stephen Robbins, the defendant's intestate, payable to Hannah Robbins or order, on demand, and indorsed by said Hannah and her husband, Eli Robbins. The defendant pleaded the general issue, and specified in defence, among other things, that the plaintiff was not the owner of the note; and that a suit on this note had been brought in the circuit court of the United States for this circuit, against the defendant, by Moses Pritchard, assignee in bankruptcy of Eli Robbins, and was still pending.

At the trial before *Bigelow*, J., Hannah Robbins testified that

she was married in 1809; that in 1807, before she was married, she lent some money to Stephen Robbins, (who was the father of Eli,) and about three months after her marriage took his note therefor, which was renewed from time to time, and that she received the note in suit from him; that she, acting under the advice of Stephen, never told her husband she had such a note until three months after the death of Stephen, which took place on the 12th of October 1847; that sometimes Stephen kept it, and sometimes she did; that Stephen had it while Eli was in bankruptcy; and that it was indorsed by herself and her husband to the plaintiff, with notice of all these facts.

Eli Robbins testified that he first knew of the note about three months after his father's death; and ever since intended that his wife should have the benefit of the note; and never had any thing to do with it, except to indorse it, at her request, for the purpose of enabling the plaintiff to collect it.

There was also evidence of the following facts: Eli Robbins petitioned for the benefit of the bankrupt act of the United States, and Moses Pritchard was appointed his assignee, in May 1842. Pritchard, on the 3d of October 1851, commenced an action on this note against the defendant in the circuit court of the United States for this circuit, which is still pending; and about the same time agreed, in writing, with the plaintiff, that the plaintiff's counsel might apply for a review of the action in the name of the plaintiff, and might bring any suits in the United States courts in behalf of Pritchard, of the plaintiff, or of Mrs. Robbins, to obtain payment of the note, and that any amount recovered by means of any suit, either in the courts of the State or of the United States should be retained by the plaintiff's counsel for all concerned, the parties all reserving their rights, until it should be decided by the judge of the district or circuit court of the United States how it should be distributed.

The presiding judge reserved the case for the consideration of the full court; the parties agreeing that if the plaintiff was entitled to recover, he should have judgment; if not, he should become nonsuit.

*S. E. Sewall,* for the plaintiff. The note in suit was the separate property of Mrs. Robbins until transferred to the plaintiff. No trustee was necessary to preserve her rights. Her husband was trustee for her. Atherley on Marriage Settlements, 327. 2 Bright on Husb. & Wife, 215. *Loader* v. *Clarke,* 2 Macn. & Gord. 382. *McKennan* v. *Phillips,* 6 Whart. 571. *Rose* v. *Sims,* 1 B. & Ad. 521. *Ramsbotham* v. *Cator,* 1 Stark. R. 228. *Ontario Bank* v. *Mumford,* 2 Barb. Ch. 596. *Smith* v. *Kane,* 2 Paige, 303. *Franklin* v. *Creyon,* 1 Harp. Eq. 243. *Boykin* v. *Ciples,* 2 Hill Ch. 200. *Doe* v. *Richards,* 11 C. B. 1035. If the note was not her separate property, it was a chose in action, belonging to her at the time of her marriage, and never reduced to possession by her husband. *Gaters* v. *Madeley,* 6 M. & W. 427. *Bendix* v. *Wakeman,* 12 M. & W. 97. *Phelps* v. *Phelps,* 20 Pick. 556. 1 Bright on Husb. & Wife, 48–51. In neither case did it pass to the assignee in bankruptcy of the husband. St. of U. S. of 1841, Sess. 1, *c.* 9, § 3, 5 U. S. Sts. at Large, 443. *In re Snow,* 5 Law Reporter, 369. *Shay* v. *Sessaman,* 10 Barr, 432. *Gassett* v. *Grout,* 4 Met. 486. The defendant cannot set up any title in the assignee of the husband, in bar of the suit, since the assignee does not do it himself. Story on Notes, § 102. *Sawtelle* v. *Rollins,* 23 Maine, 196. *Carr* v. *Lord,* 29 Maine, 51. *Smith* v. *Gordon,* 6 Law Reporter, 313. *Drayton* v. *Dale,* 2 B. & C. 293. *Cumming* v. *Roebuck,* Holt N. P. 172. *Clark* v. *Calvert,* 3 Moore, 96. The suit of the assignee in the circuit court cannot bar this earlier action. The agreement between the plaintiff and the assignee cannot change the rights of the parties. Even an assignment from the plaintiff to the assignee would not defeat this action; but it might still be carried on for the benefit of the assignee.

*S. Bartlett & J. Dana,* for the defendant. The evidence shows an attempt on the part of the maker of the note and the payee to prevent a debt due the husband of the payee from becoming part of his assets; and that all the facts were known to the plaintiff when he took the note. A note made to the wife during coverture vests at once in the husband, in this commonwealth, though the law in England may be the other way. *Legg*

v. *Legg*, 8 Mass. 99. *Shuttlesworth* v. *Noyes*, 8 Mass. 229. *Commonwealth* v. *Manley*, 12 Pick. 173. *Phelps* v. *Phelps*, 20 Pick 556. *Adams* v. *Brackett*, 5 Met. 280. On such a note, even in England, the husband may sue alone, and it will pass by his indorsement. *Yard* v. *Ellard*, 1 Salk. 117. *Mason* v. *Morgan*, 2 Ad. & El. 30. If the bankrupt could maintain a suit, unless the assignee intervened and objected, still he could not, by indorsing the note to a party having full notice of the facts, confer on him the right to sue. Story on Notes, § 102. If the note was a chose in action of the wife, the bankruptcy and assignment were a reduction of it to the possession of the husband's assignee. *Davis* v. *Newton*, 6 Met. 537. The assignee has intervened, by commencing a suit on this note against the defendant in the circuit court.

DEWEY, J. The production of the note, indorsed by the payee and her husband, makes a *prima facie* case for the plaintiff; but the note being payable on demand, and long since executed, and it being proved that the plaintiff received it with full knowledge of all circumstances, the plaintiff holds it subject to all the grounds of defence that may arise upon the facts stated in the report.

This note was in the hands of the payee, and constituted a debt against tne maker, at the time that Eli Robbins, the husband of the payee, was declared a bankrupt under the statute of the United States of 1841, and his property transferred to an assignee. The first question is, whether it passed to the assignee as assets of the bankrupt, and was to be collected by the assignee as such assets. The note was executed long after the intermarriage of the payee with Eli Robbins. It was given in payment of other promissory notes, also made to her during coverture, which notes had their origin and consideration in a note given to her before her marriage, and which, it is conceded, was a debt in which her interest was such that she must have been joined in an action to recover it, and the right to which would have survived to her if her husband had deceased.

A distinction has been attempted to be maintained as to her rights in reference to the notes given in renewal after her mar-

riage, and it has been urged that such notes at once became the property of the husband. No doubt, in some points, such distinction exists. It may be so as to his authority to indorse them in his name alone, or to sue alone, but not as to the right of survivorship, if he neglects to take any measures to reduce them to possession, intending to have them held for the use of the wife. For the general doctrine on this subject, we refer to *Hayward* v. *Hayward,* 20 Pick. 517.

It is not necessary, in the present case, to enter into a particular consideration of the question of right by survivorship that would have existed upon the facts of this case. The inquiry here is as to the rights of property in the living husband, at the time he was declared a bankrupt. Now it seems to us entirely clear that, at that time, the husband had the full right to reduce this note to possession, and make it available for his own purposes. All the notes of the wife, whether given before or after coverture, though given in her name, in the absence of an antenuptial contract, may be collected by the husband for his own use during his life.

Is this right one that passes to an assignee in bankruptcy of the husband ? It is conceded that, by the adjudicated cases under the English bankrupt law, it does. Is it so under the bankrupt act of the United States of 1841 ?

We turn for analogy to our insolvent law. We find the doctrine to be well settled, that under the *St.* of 1838, *c.* 163, § 5, the right and interest of the husband in the choses in action of the wife do pass to his assignee, to be enforced by him, subject however to a reasonable provision for the wife. The language of the insolvent law is that " all the property of the debtor, both real and personal," shall vest in the assignee. The construction of this statute, and that it does transfer the choses in action of the wife, was directly settled in the case of *Davis* v. *Newton,* 6 Met. 537.

The language of the bankrupt act is this : " All the property and rights of property, of every name and nature, and whether real, personal, or mixed, of every bankrupt," " shall by mere operation of law, *ipso facto,* be deemed to be devested out of such

bankrupt," and " the assignee shall be vested with all the rights," &c. of the bankrupt. This, we think, transfers to the assignee the right of the husband to reduce to possession the choses in action of the wife, where no provision exists for her holding her estate to her own separate use ; and the assignee may collect the same, subject, as in the case of an assignee in insolvency, to such equitable provision for the wife as the court may deem just and proper. Such being the case, the right of action was vested in the assignee, and his title is paramount to that of one holding the note under a subsequent indorsement of the husband and wife.

It is then urged that this action may well be maintained, if now prosecuted with the consent and for the benefit of the assignee. But the facts fail to show any such authority or assent to the commencement of the present action. The knowledge of the existence of the note was concealed from the assignee for a ong time. The action was commenced adversely to his claim, though an arrangement has, pending the action, been made between the plaintiff and the assignee, that the avails of the judgment shall be hereafter applied under the direction of the judge of the district court. But in the mean time an action has in fact been instituted by the assignee against the defendant, in the district court. To that action the defendant is bound to answer, and the continuance of that action upon the docket of that court, though it may not be pleadable in abatement of this earlier action in this court, yet is a quite sufficient answer to the suggestion that this suit is prosecuted for the benefit of the assignee, and that, upon a recovery here by this plaintiff, the assignee will discontinue the suit in the district court. If the defendant is respons.ble anywhere, it is to the action of the assignee, and not to the present plaintiff.

Another difficulty would seem to exist to the maintenance of the present action. The plaintiff seeks to recover as indorsee of the note. The indorsement to him by the husband and wife was since 1847, long after the rights of the assignee had attached. By the bankruptcy of the husband, the note vested in the assignee, as an unnegotiated paper ; and after the

bankruptcy it was not legally competent for the husband and wife to indorse it so as to authorize an action in the name of the indorsee—certainly not to one who knew all the circum-stances of the case and the bankruptcy of the husband.

*Plaintiff nonsuit.*